| | |
|---|---|
| Montserrat Jael Rodriguez-Sosa, | Civ. No. 18-3261 (PAM/KMM) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Matthew G. Whitaker, Leslie Tritten, Kirstjen Nielsen, Joel Brott, U.S. Department of Homeland Security, and U.S. Citizenship and Immigration Services, | |
| Respondents. | |

This matter is before the Court on Petitioner's Motion for Preliminary Injunction and Emergency Temporary Restraining Order ("TRO"). (Docket No. 2.) For the following reasons, the Motion is transferred to the Eighth Circuit.

**BACKGROUND**

Petitioner is a Mexican national who entered the United States in July 2000 without admission or parole. In 2015, Petitioner was convicted of one count of perjury, and thereafter the U.S. Immigration and Customs Enforcement ("ICE") alleged that Petitioner was removable as an alien convicted of an aggravated felony. See 8 U.S.C. § 1227(a)(2)(A)(iii). ICE arrested her on July 22, 2016. After her arrest, Petitioner sought protection from removal by applying for a U-Visa. While that petition was pending, Petitioner applied for asylum and withholding of removal before an immigration judge. In October 2016, Petitioner withdrew her applications for withholding without prejudice to re-file, pending adjudication of her U-Visa application. She also filed for an

administrative stay of removal, which ICE denied in December 2016. Petitioner then re-raised her withholding of removal claim by filing a motion to re-open in her administrative immigration proceeding.

In May 2017, U.S. Citizenship and Immigration Services ("USCIS") sent Petitioner a letter which stated that her petition "seemed to demonstrate" that she was eligible for a U-Visa. The letter did not constitute a stay of her removal. However, Petitioner was given "deferred action" and placed on a waiting list because Congress has limited the number of new U-Visas to 10,000 per fiscal year. After receiving the letter, Petitioner filed for administrative closure of her removal proceedings with the immigration judge, and the judge closed her proceedings in July 2017. The Department of Homeland Security (DHS) then sought to re-open the proceedings. After several hearings and appeals, the immigration judge granted the DHS's motion to re-calendar the Petitioner's case in April 2018. On May 22, 2018, the immigration judge issued an order denying all remaining relief from removal. Petitioner appealed, and the Board of Immigration Appeals affirmed on November 9, 2018, constituting a final order of removal. Petitioner is seeking review of her final order for removal but has not yet filed for a stay in the Eighth Circuit.

Petitioner seeks a TRO that will: (1) enjoin the Government from removing her to Mexico while she seeks relief in the Eighth Circuit Court of Appeals regarding her final order for removal; (2) enjoin her removal so that this Court may consider the merits of her habeas petition; and (3) enjoin the Government from continuing to detain her.

The Government claims that this Court lacks subject-matter jurisdiction to review the validity of Petitioner's removal, and further claims that Petitioner's continued detention is constitutional under 8 U.S.C. § 1231.

## DISCUSSION

### A.     TRO/Preliminary Injunction

Courts decide a motion for a preliminary injunction or TRO by weighing the Dataphase factors: (1) the probability of success on the merits; (2) whether the movant will suffer irreparable harm; (3) the balance of the harm between the parties; and (4) the public interest.  Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). However, when a district court determines that it lacks jurisdiction over a TRO motion, it need not consider the Dataphase factors.

The immigration laws provide: "Notwithstanding any other provision of law . . . including [28 U.S.C. § 2241], or any other habeas corpus provision . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal."  8 U.S.C. §1252(a)(5).  Relatedly, § 1252(g) provides: "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act."  Congress subsequently amended § 1252, clarifying that the "exclusive means" of seeking the review of a removal order, including habeas corpus review, is by petition to the circuit court of appeals.  REAL ID Act of 2005, Pub. L. No. 109-13, div. B, title I, § 106, 119 Stat. 311.

Petitioner attempts to sidestep the jurisdictional issue by claiming that she is not requesting review of her removal decision but instead is challenging an agency policy under the Administrative Procedures Act ("APA") and the constitutionality of her detention under the Fifth Amendment. However, Petitioner is still asking this Court to stay the execution of her final order of removal, and § 1252(g) prohibits this Court from doing so; this case presents a "cause or claim by . . . any alien arising from the decision or action by the Attorney General to . . . execute removal orders." 8 U.S.C. § 1252(g).

Petitioner's arguments make clear that she is not only seeking a stay, but in fact seeking review of the validity and reasoning behind her removal order. Petitioner challenges her removal on the grounds that (1) she has been granted "deferred action" due to her status on the U-Visa waitlist, and therefore her removal is improper; and (2) the Department of Homeland Security's choice to change its policy regarding deportation of "deferred action" aliens is arbitrary and capricious. Petitioner argues that because she is challenging agency action under the APA, she is not challenging her final order for removal. However, a petitioner may not avoid jurisdictional issues by attempting to disguise a challenge to a removal order as an APA claim, which is what Petitioner has done here. Balogun v. Sessions, 330 F. Supp. 3d 1211, 1217 (C.D. Cal. 2018). These claims directly arise from the underlying removal order, and therefore this Court lack jurisdiction to address the merits of Petitioner's request for a TRO under § 1252(g).

## B.    Habeas Petition

Petitioner's habeas Petition also seeks relief on the grounds that (1) she has been granted "deferred action" due to her status on the U-Visa waitlist; and (2) the Department

4

of Homeland Security's change in policy is arbitrary and capricious. (Docket No. 1 at 7). These arguments are challenges to Petitioner's final order of removal, and therefore this Court lacks the jurisdiction to consider the merits of the Petition. "[A]ny habeas corpus petition pending in the district court in which an alien challenges a final administrative order of removal . . . must be transferred . . . to the appropriate court of appeals." Tostado v. Carlson, 481 F.3d 1012, 1014 (8th Cir. 2007).

**CONCLUSION**

Without subject-matter jurisdiction over the pending matter, this Court lacks the authority to address the merits of Petitioner's Motion or her habeas Petition. Instead, this matter must be transferred to the Eighth Circuit. See REAL ID Act § 106(c) (providing that a district court "shall transfer the case . . . to the court of appeals for the circuit in which a petition for review could have been properly filed").

Accordingly, **IT IS HEREBY ORDERED that:**

1. Petitioner's Motion for Preliminary Injunction and Emergency Temporary Restraining Order (Docket No. 2) is **DENIED without prejudice**; and

2. The Clerk of Court shall **TRANSFER** this action to the United States Court of Appeals for the Eighth Circuit.

Dated: December 21, 2018

s/ Paul A. Magnuson

Paul A. Magnuson
United States District Court Judge